**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 18-4846**

———————

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

    v.

BRYAN S. BOWER,

  Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Mary G. Lewis, District Judge.  (0:16-cr-00712-MGL-1)

———————

Submitted:  October 31, 2019                Decided:  December 9, 2019

———————

Before WILKINSON, FLOYD, and QUATTLEBAUM, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis H. Lang, CALLISON TIGHE & ROBINSON, LLC, Columbia, South Carolina, for Appellant.  Tommie DeWayne Pearson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryan Bower pled guilty to income tax evasion during the 2012 calendar year, in violation of 26 U.S.C. § 7201 (2012). The district court sentenced him to 41 months' imprisonment and imposed restitution of $9,243,832 as a special condition of supervised release. On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious grounds for appeal but questioning whether Bower's sentence and restitution are reasonable. Although notified of his right to do so, Bower has not filed a pro se supplemental brief. We affirm the district court's judgment.

This court reviews a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). To pass this review, the sentence must be both procedurally and substantively reasonable. *Id.* at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," then this court reviews it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

2

We conclude that Bower's sentence is procedurally and substantively reasonable. The district court correctly calculated the Guidelines range, and while Bower argued for a sentence below the Guidelines range, the district court rejected these arguments, concluding that a within-Guidelines sentence was appropriate given the need to deter others from committing these types of crimes and the seriousness of the offense. Thus, Bower fails to overcome the presumption of reasonableness accorded his within-Guidelines sentence.

We also conclude that Bower's restitution order is valid. We review restitution orders for abuse of discretion. *United States v. Steele*, 897 F.3d 606, 609 (4th Cir. 2018). While Bower argued that his brother ultimately received almost half of the embezzled funds—and should therefore pay half of the income tax—the court rejected this argument. The court reasoned that Bower had received the money first and that it was therefore incumbent upon him to pay the appropriate income tax. Such a conclusion does not run afoul of the district court's discretion.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Bower, in writing, of the right to petition the Supreme Court of the United States for further review. If Bower requests that counsel file such a petition, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw form representation. Counsel's motion must state that counsel served a copy thereof on Bower.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*